

KSH

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

FILED IN OPEN COURT

MAY 27 2026

CHRISTOPHER EKMAN
CLERK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * CRIM. NO. 26-090-JB |
| | * |
| **v.** | * USAO NO. 23R00505 |
| | * |
| **DANIEL HOLIFIELD** | * VIOLATIONS: 18 USC § 1344(2) |
| | *            18 USC § 1957 |
| | *            26 USC § 7201 |
| | * |
| | * **FORFEITURE NOTICE** |
| | * |

**INDICTMENT**

**THE GRAND JURY CHARGES:**

**INTRODUCTION**

At times material to this Indictment:

1.      Regions Bank, Wells Fargo Bank, Century Bank, Bank of America, Fifth Third Bank, and BMO Harris Bank, (the "Banks") were financial institutions within the meaning of Title 18, United States Code, Section 20.  The deposits of the Banks were federally insured by the Federal Deposit Insurance Corporation ("FDIC") and operated in the Southern District of Alabama and/or across state lines.

2.      Safeway Insurance Company of Alabama, Geico Insurance, Werner Enterprises, Inc., United Services Automobile Association, Alfa Mutual Insurance Company, Allstate Insurance Company, and Bluefire Claims Services, Inc., were insurance companies or self-insured companies doing business in interstate commerce and provided insurance services or paid

1

insurance claim reimbursements to the Mobile County Commission and/or the Mobile County Sheriff's Office.

3.    The defendant, **DANIEL HOLIFIELD**, was employed with the Mobile County Sheriff's Office in Mobile, Alabama, as a fleet manager and had access to purchase equipment, submit invoices for payment, and access to insurance claim reimbursement checks on behalf of the Mobile County Sheriff's Office and the Mobile County Commission.

**COUNTS ONE THROUGH TEN**
**Bank Fraud**
**Title 18, United States Code, Section 1344(2)**

4.    The allegations in Paragraphs 1 through 3 of this Indictment are realleged here as though fully set forth herein.

5.    From in or about January 2021 to in or about May 2023, in the Southern District of Alabama, and elsewhere, the defendant,

**DANIEL HOLIFIELD,**

knowingly executed, and attempted to execute, a scheme and artifice to obtain money, funds, credits, assets, securities, or other property by means of false or fraudulent pretenses, representations of promises.   At the time of the offenses, the money, funds, credits, assets, securities or other property were owned by, or under the custody or control of, a financial institution federally insured by the FDIC.

**PURPOSE OF THE SCHEME AND ARTIFICE**

6.    The purpose of the defendant's scheme and artifice was to unjustly enrich himself by fraudulently obtaining money and property in the custody and control of the Banks.

**MANNER AND MEANS OF THE SCHEME AND ARTIFICE**

7.    As part of the manner and means of his scheme and artifice, the defendant

2

committed, among other things, the following acts:

a. obtaining, possessing, and depositing unlawfully obtained checks, including duplicate vendor payments and insurance proceeds, drawn on accounts at the Banks into **HOLIFIELD's** own Wells Fargo accounts, knowing that the checks were materially fraudulent.

b. submitting duplicate vendor invoices for payment to both the Mobile County Sheriff's Office and the Mobile County Commission, causing both entities to issue checks or automated payments payable to the vendors. The vendors were paid with one check or automated payment, and **HOLIFIELD** would deposit the other check into his own bank accounts.

c. causing vendors to write checks made payable to other vendors, which **HOLIFIELD** then endorsed and deposited in his own bank accounts. Each of the checks involved in the scheme were issued from, and deposited into, banks that are insured by the FDIC.

d. causing approximately 80 transactions with approximately 11 separate vendors and companies, resulting in a total of approximately $236,332.29 in deposits.

e. submitting insurance claims relating to vehicles belonging to the Mobile County Sheriff's Office and the Mobile County Commission and causing insurers to issue payment on the insurance claims, which HOLIFIELD received and deposited checks into his own bank accounts.

f. depositing approximately 18 insurance checks that were intended to pay claims on property owned by the Mobile County Sheriff's Office and/or the Mobile County Commission. The deposits from these checks totaled approximately

$74,355.99.

## EXECUTIONS OF THE SCHEME AND ARTIFICE

8.      The fraudulent bank transactions executed during this scheme and artifice are provided below:

| Count | Deposit Date (on or about) | Check Number | Account of Deposit | Amount (approximate) |
|-------|---------------------------|--------------|--------------------|----------------------|
| 1 | 4/13/2021 | 176202 | x4907 | $8,051.25 |
| 2 | 11/12/2021 | N624566690 | x4907 | $5,299.88 |
| 3 | 8/12/2022 | 39734 | x4907 | $4,225.00 |
| 4 | 9/29/2022 | 219114 | x4907 | $4,833.50 |
| 5 | 12/20/2022 | 40384 | x4907 | $2,669.25 |
| 6 | 1/11/2023 | 40477 | x4907 | $4,842.24 |
| 7 | 2/23/2023 | 40655 | x4907 | $4,744.62 |
| 8 | 3/8/2023 | 40722 | x4907 | $15,487.88 |
| 9 | 3/9/2023 | 40742 | x4907 | $2,128.50 |
| 10 | 4/6/2023 | 40789 | x4907 | $4,633.00 |

In violation of Title 18, United States Code, Section 1344(2) and 2.

## COUNT ELEVEN
### Money Laundering
### Title 18, United States Code, Section 1957

9.      The allegations in Paragraphs 1 through 3 of this Indictment are realleged here as though fully set forth herein.

10.     On or about March 8, 2023, in the Southern District of Alabama and elsewhere, the defendant,

**DANIEL HOLIFIELD,**

did knowingly engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is,

4

depositing funds in the amount of $15,487.88 into his Wells Fargo account ending in x4907, such property having been derived from a specified unlawful activity, that is, bank fraud as alleged in Count Eight of this Indictment.

In violation of Title 18, United States Code, Section 1957 and 2.

### COUNT TWELVE
### Tax Evasion
### Title 26, United States Code, Section 7201

11.     On or about July 2, 2023, in the Southern District of Alabama, the defendant,

**DANIEL HOLIFIELD,**

willfully attempted to evade and defeat income tax due and owing by him to the United States of America, for the calendar year 2021 by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent Amended U.S. Individual Income Tax Return, Form 1040-X, which was submitted to the Internal Revenue Service.  **HOLIFIELD** reported and caused to be reported that his taxable income for 2021 was $279,947.  In fact, as **HOLIFIELD** knew, his taxable income for the calendar year 2021 was greater than the amount reported on the tax return, and as a result of such additional taxable income, there was additional tax due and owing to the United States of America.

In violation of Title 26, United States Code, Section 7201.

### COUNT THIRTEEN
### Tax Evasion
### Title 26, United States Code, Section 7201

12.     On or about July 2, 2023, in the Southern District of Alabama, the defendant,

**DANIEL HOLIFIELD,**

willfully attempted to evade and defeat income tax due and owing by him to the United States of America, for the calendar year 2022 by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent Amended U.S. Individual Income Tax Return, Form

1040-X, which was submitted to the Internal Revenue Service. **HOLIFIELD** reported and caused to be reported that his taxable income for 2022 was $217,904. In fact, as **HOLIFIELD** knew, his taxable income for the calendar year 2022 was greater than the amount reported on the tax return, and as a result of such additional taxable income, there was additional tax due and owing to the United States of America.

In violation of Title 26, United States Code, Section 7201.

### COUNT FOURTEEN
### Tax Evasion
### Title 26, United States Code, Section 7201

13.     On or about July 17, 2024, in the Southern District of Alabama, the defendant,

### DANIEL HOLIFIELD,

willfully attempted to evade and defeat income tax due and owing by him to the United States of America, for the calendar year 2023 by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent Amended U.S. Individual Income Tax Return, Form 1040-X, which was submitted to the Internal Revenue Service. **HOLIFIELD** reported and caused to be reported that his taxable income for 2023 was $179,729. In fact, as **HOLIFIELD** knew, his taxable income for the calendar year 2023 was greater than the amount reported on the tax return, and as a result of such additional taxable income, there was additional tax due and owing to the United States of America.

In violation of Title 26, United States Code, Section 7201.

### NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1957, which

6

are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

a.  All property which constitutes or is derived from proceeds of the violations set forth in this Indictment

b.  All property involved in such violations or traceable to property involved in such violations; and

c.  If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant to the extent of the value of the property described in (a) and (b).

The Grand Jury finds there is probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

(a)  A forfeiture money judgment in the amount of approximately $310,688.28, which constitutes the proceeds of the violations set forth in this Indictment.

A TRUE BILL

_____
FOREPERSON, UNITED STATES GRAND JURY
SOUTHERN DISTRICT OF ALABAMA

7

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By:

Kasee S. Heisterhagen
Chief, Criminal Division

MAY 2026

8